CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

FEB 2 6 2019

JULIA C. DUDLEY, CLERK
BY: /s/ H. McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DANIEL W. KINARD,<br>Petitioner, | ) ) ) | Civil Action No. 7:07cv00601 |
| v. | ) ) | **OPINION & ORDER** |
| TERRY O'BRIEN,<br>Respondent. | ) ) ) | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Daniel W. Kinard, a federal inmate proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the calculation of his good time credits. I denied the petition in 2008. In 2019, Kinard filed a motion for reconsideration, stating that the sentence credit statute has been reinterpreted in a way that would offer him relief.

However, it has been over a decade, and Kinard is now incarcerated at FCI Oxford, in Oxford, Wisconsin. Thus, jurisdiction over Kinard's § 2241 petition lies in the Western District of Wisconsin. See Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004) (noting federal district courts are "limited to granting [§ 2241] habeas relief 'within their respective jurisdictions.' . . . [T]he traditional rule has always been that the Great Writ is 'issuable only in the district of confinement.'") (quoting 28 U.S.C. § 2241(a); Carbo v. United States, 364 U.S. 611, 617 (1961)).

Therefore, Kinard should pursue habeas relief in the United States District Court for the Western District of Wisconsin, and I deny his motion for reconsideration for lack of jurisdiction.

**ENTERED** this 26th day of February, 2019.

_____
SENIOR UNITED STATES DISTRICT JUDGE